IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
NAVAIR, INC.,                      )
                                   )
                    Plaintiff,     )     CIVIL ACTION
                                   )
v.                                 )     No. 04-1023-MLB
                                   )
IFR AMERICAS, INC.,                )
IFR SYSTEMS, INC., and             )
AEROFLEX, INC.,                    )
                                   )
                    Defendants.    )
───────────────────────────────────)
```

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the court on various pretrial motions. Plaintiff Navair, Inc. ("Navair") brought suit against defendants IFR Americas, Inc., IFR Systems, Inc., and Aeroflex, Inc. (collectively referred to as "IFR"),[1] originally alleging breach of contract, tortious interference with a prospective business relationship, fraud, negligent misrepresentation, and breach of fiduciary duty. Navair is a distributor and servicer of electronic test and measurement equipment. Defendant IFR Systems, Inc. manufactures electronic test and measurement equipment. Prior to 2003, Navair was IFR's exclusive distributor of products in Canada for approximately thirty years.

The facts of this case, summarized in a light most favorable to Navair, were presented in the court's order on the parties' cross-motions for summary judgment. The court granted summary judgment for IFR on all Navair's claims. (Doc. 99.) The case is back in this court on remand from the appellate court's reversal of the breach of

─────────────

[1]   IFR Americas, Inc. is a wholly-owned subsidiary of IFR Systems, Inc., which is a wholly-owned subsidiary of Aeroflex, Inc.

contract portion of that order.  (Docs. 108, 109.)  Therefore, the only claim that remains for trial is for breach of contract.

The pretrial motions now under consideration are as follows: Navair filed a motion in limine (Docs. 117, 118) and objections to IFR's final witness and exhibit disclosures (Doc. 119); and IFR filed a motion in limine (Docs. 120, 121).  Responses to the motions in limine and the objections have also been filed.  (Docs. 122 (Navair response to IFR's motion in limine), 125 (IFR's response to Navair's motion in limine), 128 (IFR's response to Navair's objections).)  The court has broad discretion when determining evidentiary matters.  See SEC v. Peters, 978 F.2d 1162, 1171 (10th Cir. 1992) (discussing the highly deferential "clear abuse of discretion" standard of appellate review of the trial court's evidentiary rulings).

## I.  NAVAIR'S MOTION IN LIMINE

Navair's motion in limine seeks to preclude IFR from introducing evidence that Navair "was purportedly representing a competing product to the IRIS Program or any evidence of Navair's relationships with competitors of IFR, including, but not limited to, General Dynamics and Agilent Technologies, Inc."  (Doc. 117.)  Based on the evidence made known to the court, there are no "including, but not limited to" competitors.  Only General Dynamics and Agilent Technologies, Inc. have been identified.

Regarding evidence relating to General Dynamics, Navair contends that the evidence would be "after acquired evidence," that the evidence has previously been precluded by a prior discovery order from the magistrate judge, and that Kansas law does not permit introduction of such evidence.  (Doc. 118 at 8-10.)  IFR concedes that the

-2-

magistrate judge's discovery order regarding alleged after acquired evidence "could be read to say that any evidence about Navair's representation of IFR competitors, to the extent it was not specifically known to IFR at the time it discontinued its relationship with Navair, would not be admissible into evidence."  (Doc. 125 at 10.)

Navair's contrary position, that the magistrate judge has ruled on the admissibility of evidence related to General Dynamics, is too broad.  The magistrate judge, in considering whether good cause had been shown to modify a scheduling order that would extend discovery, applied a multi-factor test to the issue, and in considering the likelihood of discovering relevant evidence, concluded:

> As to discovery directed to whether there was any potential prior breach by Navair in connection with its relationship with General Dynamics, the Court determines that any such after-acquired evidence would not be admissible, therefore the discovery is not be [sic] calculated to lead to the discovery of admissible evidence and such information is not relevant.

(Doc. 62 at 14.)  However, the magistrate judge came to this conclusion, at least in part, based on 1) a factual misstatement that "IFR was not aware of <u>any</u> possible prior breach by Navair" (emphasis added) (Doc. 62 at 8) (<u>i.e.</u>, a misunderstanding by the magistrate judge that Navair did not know of <u>any</u> possible breach by Navair, which is, in actuality, a contested fact); and 2) the magistrate judge's lack of knowledge of IFR's stated reasons to Navair for the termination of the contract (Doc. 62 at 13).  It now appears that IFR may have been aware of a possible breach by Navair regarding Agilent Technologies.

The court agrees, however, with the magistrate judge's legal conclusion, i.e., that there is no legal support for a finding that the Kansas Supreme Court would broadly permit post-breach acquired evidence justifying a basis for a breach of contract.  The court adopts the magistrate judge's legal conclusion in that regard:

> After reviewing all of the above cases, the Court does not believe that the Kansas Supreme Court would apply the holding in **Kerns**[ **Inc. v. Wella Corp.**, 114 F.3d 566 (6th Cir. 1996) (interpreting New York state law)] in this type of case.  First, as previously noted, the Kansas Supreme Court has adopted the after-acquired evidence doctrine only in very limited cases. See **Gassmann v. Evangelical Lutheran Good Samaritan Soc., Inc.**, 261 Kan. 725, 730, 933 P.2d 743, (Kan. 1997) ("The after-acquired evidence doctrine in wrongful discharge cases in Kansas involving breach of implied contract and not raising public policy concerns is adopted."); **Walker v. Saga Communications, Inc.**, 11 F.Supp. 2d 1292, 1294 (D.Kan. 1998) ("Kansas applies the after-acquired evidence doctrine to breach of employment contract cases where public policy concerns are not raised.").  None of those cases indicate that the Court would be inclined to apply that doctrine to all breach of contract cases.

(Doc. 62 at 12-13.)

Nevertheless, there are factual issues remaining regarding: 1) when IFR learned of potential breaches by Navair; and 2) whether the potential breaches IFR learned about were actually breaches (because of the factual issues remaining regarding what qualifies as a "competing company" and/or a "competing product").  Therefore, the court finds it best for the fact-finder to determine whether IFR was justified in its termination of its relationship with Navair, based on knowledge it had at the time of the termination, that Navair was representing competing companies (i.e., General Dynamics and Agilent

-4-

Technologies) with competing products.

As a result, Navair's motion in limine is denied.  IFR will be permitted to put on evidence regarding Navair's representation of competing companies and products.  The court will instruct the jury, however, that it may not consider "after acquired evidence" during jury deliberations, and will leave to the jury the task of determining what evidence is, in fact, "after acquired."  The parties shall propose a jury instruction, defining "after acquired evidence" and generally stating the ruling announced herein.

## II.  NAVAIR'S OBJECTIONS TO IFR'S WITNESS AND EXHIBIT DISCLOSURES

IFR timely filed its final witness and exhibit disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(3), designating Robert Barden as its witness to testify "about Navair's representation of companies in conflict with IFR products."  IFR then stated:

> Mr. Barden is Director of Marketing for Aeroflex Wichita, Inc., and resides in Wichita. Defendants did not previously identify Mr. Barden as a witness. Defendants will present Mr. Barden to testify about subject matters to which defendants had previously identified and designated Tim Ursprung to testify about. But Mr. Ursprung no longer works for any of the defendants, and he resides outside the District. Given these circumstances, and considering the passage of time, defendants believe this substitution is appropriate. In any event, if plaintiffs' [sic] witnesses testify at trial consistent with their depositions, defendants will call Mr. Barden as an impeachment and/or rebuttal witness. But rather than wait and spring him as an impeachment and/or rebuttal witness later, as they have a right to do, defendants thought the better practice was to list him now.

(Doc. 115 at 2, n.2.)  Today, IFR has informed the court that Ursprung left IFR in June 2005, that Ursprung now lives in New York, that no deposition of Ursprung was taken, and that counsel for IFR did not

learn of Ursprung's departure until "after the case was remanded by the Tenth Circuit and set for trial." (Doc. 128 at 1.) IFR also identified the exhibits it intends to introduce at trial and the exhibits it may introduce at trial, if needed. (Doc. 115 at 5-8.) Navair objects to the designation of Barden as a witness, seeking the sanction of exclusion under Federal Rule of Civil Procedure 37(c)(1), and also objects to a portion of the exhibits identified by Navair. (Doc. 119.)

### A.  Navair's Objection to Designation of Witness Barden

Rule 37 governs a court's imposition of sanctions for a party's failure to make disclosures or cooperate in discovery.  Rule 37(c)(1) states:

> Failure to Disclose or Supplement.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and © may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).[2]

---

[2]   Rule 37(b)(2)(A)(I) through (iv) states the following as examples of "just orders" the court may impose:

> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

As stated, Rule 37(c)(1) deals with failures under Rule 26(a) or (e). Rule 26(a) governs "required disclosures." Pertinent here, Rule 26(a)(1)(A)(i) requires a party to provide other parties with "the name . . . of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." In addition, Rule 26(a)(3)(A)(i)-(iii) requires each party to "provide to the other parties and promptly file," "other than solely for impeachment," the identity of witnesses, the designation of deposition testimony, and identification of exhibits. Rule 26(e) governs supplementation of disclosures and responses. Pertinent here, Rule 26(e)(1) requires that Rule 26(a) disclosures be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Navair objects to IFR's designation of Barden as a fact witness, alleging that Barden has never been identified as a witness, and cannot now be presented at trial. Navair also contends that IFR's failure to previously identify Barden cannot be "substantially justified" or considered "harmless." Navair seeks the exclusion of Barden's testimony. (Doc. 119.)

IFR appears to have designated Barden as an impeachment or

<hr>

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed.

-7-

rebuttal witness <u>and</u> as a witness for its case in chief.   <u>See</u> Doc. 115 n.1 ("[I]f plaintiffs' [sic] witnesses testify at trial consistent with their depositions, defendants will call Mr. Barden as an impeachment and/or rebuttal witness."); Doc. 128 at 1-2 (stating that Ursprung was identified as "a witness on issues relating to Navair's competition" and that Barden is Ursprung's replacement).   By its express language, Rule 26(a) doesn't require disclosure of impeachment witnesses and rebuttal witnesses traditionally need not be (and indeed, often cannot be) identified prior to trial.

On the other hand, Barden cannot be used as a "substitute" witness for Ursprung.   IFR admits that Ursprung left its employ and moved to New York in June 2005, and that counsel has known of Ursprung's departure since the case was set for trial in mid-April 2008.   IFR could have taken Ursprung's evidentiary deposition or, if IFR intended to use Barden as a substitute witness, it should have notified Navair and given Navair the opportunity to seek leave to take Barden's discovery deposition.

Impeachment or rebuttal testimony from Barden will be allowed. No other testimony from Barden will be permitted.   Navair's objections regarding Barden are therefore overruled in part and sustained in part.

### B.  Navair's Objection to Exhibits

Navair's objections to IFR's exhibits are based on concerns of relevancy under Federal Rules of Evidence 401 and 402, unfair prejudice and confusion of the jury under Rule 403, lack of foundation under Rules 602 and 901, hearsay under Rule 802, and based on its motion in limine.   (Doc. 119 at 6-7.)

-8-

The court has already ruled on Navair's motion in limine and, regarding Navair's additional objections, reserves its ruling for trial.  As a result, Navair's objections to IFR's exhibits based on Rules 401-403, 602, 802, and 901 are taken under advisement.

## III.  IFR'S MOTION IN LIMINE

IFR's motion in limine seeks to preclude Navair from presenting evidence of "an alleged oral agreement between Navair and IFR in January 2003."  IFR argues that this evidence should be precluded "because: (1) the parties' original Distribution Agreement expressly says that it cannot be 'extended, varied, changed, or modified or supplemented without the written consent of both parties': and (2) Navair, in its sworn interrogatory answers and company representative deposition testimony, says that its breach of contract claim is based on an alleged breach of the written December 10/12, 2002 Agreement itself, not any alleged oral extension or modification of this Agreement.  Accordingly, any evidence of the alleged oral agreement is not admissible because it is not relevant to any fact of consequence to the breach of contract claim asserted in this action." (Doc. 120 at 1-2.)

Navair responds that IFR's "statement of the facts and the applicable law are flawed." (Doc. 122 at 1.)  Regarding the alleged factual misstatements, Navair contends that it has consistently alleged a breach of the parties' agreement occurring in January 2003, and that IFR also operated as though it was under the same belief. (Doc. 122 at 2-4.)  Regarding the alleged misstatements of law, Navair contends: 1) that the Tenth Circuit has already found on appeal that there is "sufficient evidence" that the parties' December 12, 2002

agreement was extended, therefore precluding a motion to exclude this evidence; and 2) the law in Kansas permits oral modifications of written agreements, even when the underlying written agreement contains a "no oral modification" provision.  (Doc. 122 at 4-7.)

The court finds that the evidence of the alleged oral agreement between Navair and IFR in January 2003 is admissible.  First, the record is clear that this is the theory both parties have been working on throughout the presentation of this case.  See, e.g., Doc. 1 at ¶ 26 (complaint) (discussing Navair's request to IFR in mid-January 2003 that IFR confirm to the Canadian Department of Defense that Navair was its authorized supplier); Doc. 9 at ¶ 26 (answer) (denying Navair's allegation regarding the mid-January 2003 letter); Doc. 67 at 5-6 (statement from IFR in its memorandum objecting to a discovery order, that: "In mid-January, following communications initiated by Navair, IFR orally agreed to extend the December Agreement until January 31, 2003, to give Navair additional time to place the DND order."); Doc. 79 at 9 (Navair's contentions in pretrial order discussing IFR's mid-January confirmation of Navair as its authorized supplier); Doc. 99 at 7 (court's order on cross-motions for summary judgment, stating that: "The parties do not dispute that when they signed the December Agreement, a valid contract was formed under Kansas law.  The parties also agree that there was an oral extension of the quote protection authorized in the December Agreement.").

In addition, Kansas law permits evidence of a subsequent oral contract that varies a previous written contract, even when the prior written contract has a "no oral modification" clause:

> [I]t is well settled in Kansas that 'the terms of

-10-

> a written contract may be varied, modified,
> waived, annulled, or wholly set aside by any
> subsequently executed contract, whether such
> subsequently executed contract be in writing or
> in parol.' <u>See Coonrod & Walz Const. Co. v.
> Motel Enterprises, Inc.</u>, 217 Kan. 63, 535 P.2d
> 971, 979-80 (1975); <u>Fast v. Kahan</u>, 206 Kan. 682,
> 481 P.2d 958, 961 (1971); <u>Gibbs v. Erbert</u>, 198
> Kan. 403, 424 P.2d 276, 283 (1967); and <u>Bailey v.
> Norton</u>, 178 Kan. 104, 283 P.2d 400, 403 (1955).
> This is true even when the written contract
> contains a provision purporting to require that
> subsequent modifications be evidenced by a
> writing. <u>See Nichols & Shepard Co. v. Maxon</u>, 76
> Kan. 607, 92 P. 545, 546 (1907); <u>Hoard v. Jones</u>,
> 119 Kan. 138, 237 P. 888, 895-96 (1925); and
> <u>Bailey[ v. Norton]</u>, 178 Kan. 104, 283 P.2d at
> 404-405[ (Kan. 1955)].

<u>Car-X Service Systems, Inc. v. Kidd-Heller</u>, 927 F.2d 511, 518 (10th Cir. 1991). <u>See also, e.g.</u>, <u>In re Estate of Snook</u>, 272 Kan. 1256, 1263, 28 P.3d 684, 689 (Kan. 2002) (same); <u>Saddlewood Downs, L.L.C. v. Holland Corp.</u>, 33 Kan. App. 2d 185, 193-94, 99 P.3d 640, 646 (Kan. Ct. App. 2004) (calling the point of law "well settled"); <u>Schafer v. All Things Exterior, Inc.</u>, No. 95,034, 2007 WL 2580569, at *2 (Kan. Ct. App. Sep. 7, 2007) (same).

As a result, any alleged evidence of an oral contract in January 2003 which modifies the parties December 2002 agreement is relevant evidence under the Federal Rules of Evidence. <u>See</u> Fed. R. Evid. 402 ("All relevant evidence is admissible."); Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence."). The parties shall submit an instruction pertaining to an oral contract which modifies a written contract. IFR's motion in limine is denied.

**IV.   CONCLUSION**

For the above reasons, Navair's motion in limine (Doc. 117) is denied, Navair's objections to IFR's witness and exhibit disclosures (Doc. 119) are overruled in part, sustained in part, and taken under advisement in part, and IFR's motion in limine (Doc. 120) is denied.

A motion for reconsideration of this order will not be permitted this close to trial.

IT IS SO ORDERED.

Dated this   __12th__   day of June, 2008, at Wichita, Kansas.

                                    s/Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE